Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000
dpick@picklaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                      Chapter 11
MICHAEL AZIZ ORIENTAL RUGS, INC.,                    Case No. 11-

                    Debtor.
------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

STATE OF NEW YORK    )
                                      ) ss.:
COUNTY OF NEW YORK  )

MOUSSA "MICHAEL" AZIZ, being duly sworn, deposes and says:

1. I am the President of Michael Aziz Oriental Rugs, Inc., the debtor and Debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein. My duties with the Debtor include managing and running the daily operations of the Debtor.

2. The Debtor is a wholesaler and retailer of hand knotted oriental rugs, including Indian and Pakistanian rugs, primarily on a consignment basis. The Debtor currently consigns rugs to three different retail establishments located in New Jersey and Florida.

3. On October __, 2011 (the "Petition Date") the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court and an Order for Relief was entered. The Debtor intends to continue to manage its business as a debtor-in-possession

1

pursuant to §§1107 and 1108 of the Bankruptcy Code. No committee of creditors has been appointed.

4. The Debtor sought protection under the Bankruptcy Code as a result of a judgment entered against it on October 17, 2011 by the United States District Court for the Southern District of New York in the amount of $438,517.82. The Debtor has been unsuccessful in trying to resolve that debt obligation. A Notice of Appeal was filed on October 25, 2011.

5. Given the time necessary to pursue various reorganizational strategies, the Debtor believes that it can successfully and expeditiously exit chapter 11.

6. A list containing the names and addresses of what I believe to be are the Debtor's twenty largest unsecured creditors, excluding insiders, have been filed with the Debtor's Chapter 11 Petition.

7. The holders of the five largest secured creditors of the Debtor and a brief description and estimate of the value of the secured collateral is set forth in Schedule D to the Chapter 11 Petition.

8. An approximate summary of the Debtor's assets and liabilities are set forth in Schedules B, D, E and F to the Chapter 11 Petition.

9. The ownership interests of the Debtor are held as follows:

| Member | Percentage Interest |
| --- | --- |
| Moussa "Michael" Aziz | 53% |
| Soraya Aziz | 47% |

10. There is no property of the Debtor in possession or custody of any public officer, receiver, trustee, pledge, assignee of rents, secured creditor, or agent of any such person.

11. The Debtor has no leases.

12. The Debtor's books and records are predominantly located at the Debtor's premises and/or with its accountant. Its assets are located at the Debtor's premises and at retail establishments located n New Jersey and Florida.

13. The only pending actions or proceedings against the Debtor are as follows: *Abbas Corporation (PVT) Limited v. Michael Aziz Oriental Rugs, Inc., Case No. 10 CIV 3440,* United States District Court of the Southern District of New York, which was a debt collection action commenced against the Debtor.

14. The individuals who currently compromise the Debtor's existing management, their tenure with the Debtor and their responsibilities are as follows:

| Name | Tenure | Responsibilities |
|---|---|---|
| Moussa "Michael" Aziz | 1983-Current | Managing the day-to-day operations of the Debtor. |

15. The Debtor has four employees. The estimated payroll (exclusive of officers, directors and stockholders) plus payroll taxes for the 30 day period following the filing of the Chapter 11 petition is approximately $18,000.00.

16. The amount proposed to be paid for services for the thirty (30) day period following the filing of the chapter 11 petition to the officers, directors, and shareholders of the company (solely to Mr. Aziz) is $15,000.00.

17. During the thirty (30) day period following the commencement of the chapter 11 case, the Debtor expects to make a slight profit. Expenses and disbursements (inclusive of all salaries and taxes but exclusive of any payments to secured lenders) for the month should total

approximately $76,300.00.

18. The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to restructure its business and pay creditors substantially more than they would receive if the Debtor went through a forced liquidation.

_____
MOUSSA "MICHAEL" AZIZ

Sworn to before me this
28th day of October, 2011

_____
Douglas J. Pick
Notary Public, State of New York
No. 02PI4758430 Qualified in New York County
Commission Expires February 26, 2015

4